UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN ALAN KELLOGG,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN STATE HOSPITAL, *et al*,<br><br>    Defendants. | Case No.  C05-5268RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 12, 2005 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff currently is a resident at the Washington State Department of Social and Health Services' Western State Hospital.  He has filed a civil rights complaint under 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed *in forma pauperis*, and now, this matter is before the court due to certain fatal deficiencies in his amended complaint.  For the reasons set forth below, the undersigned recommends this complaint be dismissed with prejudice as frivolous.

DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of

process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), overruled on other grounds, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. <u>Padway v. Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff alleges in his amended complaint that defendants provided him with improper medical treatment, including false biopsy reports. (Dkt. #8). Plaintiff names Western State Hospital as one of the defendants. With respect to the Western State Hospital, however, as discussed in the undersigned's order to show cause (Dkt. #7) the Eleventh Amendment reads in relevant part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend XI. Under the Eleventh Amendment, therefore, a state is not subject to suit by its own citizens in federal court. <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974). A state agency, as an arm of the state, is immune from suit in federal court under the Eleventh Amendment as well. <u>Howlett v. Rose</u>, 496 U.S. 356, 365 (1990); <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity is not a "person" within the meaning of 42 U.S.C. § 1983.[1] <u>Howlett</u>,

---

[1] Section 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

REPORT AND RECOMMENDATION
Page - 2

496 U.S. at 365. Thus, because plaintiff's claim against Western State Hospital is against the state itself, it is barred by the Eleventh Amendment.

Plaintiff also has named Drs. Rolando Pasion and J. Winemiller as defendants in this case, but fails to allege that they are employees of the state. A defendant has acted under color of state law if he or she "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997) (citations omitted). In general, private parties do not act under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). A claim may be brought against a private party under 42 U.S.C. § 1983, however, "who 'is a willful participant in joint action with the State or its agents.'" Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.")).

On the other hand, "a bare allegation of such joint action" will not suffice. Id.; see also Radcliffe v. Rainbow Construction Co., 254 F.3d 772, 783-84 (9th Cir. 2001). Facts showing defendants "acted 'under color of state law or authority'" must be alleged. Degrassi, 207 F.3d at 647 (citation omitted); United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (to prove conspiracy between state and private parties, plaintiff must show agreement or "meeting of the minds" between those parties to violate plaintiff's constitutional rights). In other words, to be liable under this theory "each participant must at least share the common objective of the conspiracy." Steelworkers, 865 F.2d at 1541. Plaintiff has not sufficiently shown that the named defendants had a "meeting of the minds" to or that they shared the common objective of violating his constitutional rights.

Indeed, with respect to the above named defendants and to Dr. Ira Kline, who plaintiff does state is the medical director of Western State Hospital, plaintiff has not alleged any conduct on their part deprived him of a right, privilege or immunity secured by the Constitution or federal law.

## CONCLUSION

Because plaintiff's amended complaint remains fatally deficient, the undersigned recommends the court dismiss that complaint with prejudice prior to service as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b),

the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. <u>See also</u> Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **August 12, 2005**, as noted in the caption.

DATED this 15th day of July, 2005.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge